UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 MAR 29 AM 11: 47

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:15-cr-116 |
| ) | |
| TRUMAINE TURANE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**
**(Docs. 118, 124, 129)**

The Magistrate Judge issued a Report and Recommendation (R&R) on August 4, 2020. (Doc. 129.) Defendant, who represents himself, filed a motion objecting to the R&R and seeking an extension of time to file a more detailed response. (Doc. 130.) The court extended the time to file objections until January 8, 2021. (Doc. 133.) That deadline has passed without an additional response from Defendant. The court will consider the R&R in light of the objections identified in Defendant's August 2020 filing.

**Analysis**

A district judge makes a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

As noted in the R&R, Turane has filed a motion under 28 U.S.C. § 2255 to vacate, correct, or set aside the sentence imposed in 2017 as a result of his plea of guilty to one count of possession with intent to distribute heroin and cocaine base. (Doc. 124.) The sentence includes a 48-month term of imprisonment, to be followed by a 3-year term of supervised release.

(Doc. 129 at 1.) Turane's § 2255 motion challenges the constitutionality of the *Terry* stop that led to his arrest,[1] the court's denial of his pretrial motions to suppress, and the court's denial of his motions to withdraw his guilty plea. (*See* Doc. 124 at 2, 4.[2])

The Magistrate Judge identified two bases for denying Turane's § 2255 motion. First, the Magistrate Judge concluded that Turane's motion was untimely and that Turane had failed to demonstrate an entitlement to equitable tolling of the statute of limitations. (*See* Doc. 129 at 12–15.) As the R&R notes, Turane's judgment of conviction became final on July 19, 2018, but he did not file his first § 2255 motion until August 12, 2019[3]—outside the one-year statute of limitations. *See* 28 U.S.C. § 2255(f)(1). The motion does not include any statement that would enable a court to deduce that Turane is entitled to equitable tolling. (*See* Docs. 118, 124.) Second, the Magistrate Judge concluded that the motion does not establish Turane's entitlement to relief under § 2255 because the claims it raises were waived by Turane's plea agreement or, alternatively, are barred by procedural default. (Doc. 129 at 15–17.)

In his Response, Turane objects that the conclusions of the R&R are "not consistent with the [U]nited [S]tates [C]onstitution and/or statutory rights." (Doc. 130 at 1.) However, Turane does not elaborate on this objection or address the specific bases of the Magistrate Judge's recommendation of denial. Instead, Turane reiterates the claims he raised in his § 2255 motion. Specifically, Turane argues that the Government withheld evidence relevant to his motions to suppress, and that this withholding affected not only the court's decision on those motions but

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

[2] The pages of Turane's handwritten motion appear out of order on the court's electronic docket.

[3] Turane's first § 2255 motion was unsigned and undated. He filed supplemental, signed and dated briefs in September 2019. (Doc. 129 at 13.)

2

also Turane's prison sentence, because a different decision on the motions to suppress "more likely would have gotten his charges dismiss[ed] or a lighter sentence." (*Id.* at 2.) Turane also requests a certificate of appealability. (*Id.* at 1–2.)

However, as the R&R correctly concludes, Turane's claims and objections are barred by the statute of limitations, 28 U.S.C. § 2255(f)(1) (setting a 1-year period of limitations on motions under the section), waiver, *see Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987) ("[A] defendant's plea of guilty admits all of the elements of a formal criminal charge and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction." (internal citations omitted)), and procedural default, *see Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir. 1980) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack . . . Reconsideration is permitted only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal." (internal citations omitted)).

Furthermore, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C § 2255(b), and Turane's August 2020 filing presents no evidence that would otherwise entitle him to relief, the court declines to hold a hearing on Turane's § 2255 motion.

## Conclusion

For the forgoing reasons, the Magistrate Judge's R&R (Doc. 129) is AFFIRMED, APPROVED and ADOPTED. Defendant's Motion to Vacate, Amend, or Correct his sentence (Docs. 118, 124), as supplemented (Docs. 119, 121), is DENIED. The court also denies Turane's request for a certificate of appealability (*see* Doc. 130 at 1–2) because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2254(c)(2).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 29th day of March, 2021.

Geoffrey W. Crawford, Chief Judge
United States District Court